IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  3:18-cr-00626-AN |
| v. | |
| TIMOTHY RICHARD ROSS, | OPINION AND ORDER |
| Defendant. | |

Defendant Timothy Richard Ross moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  The "compassionate release" exception, however, permits a court to modify a term of imprisonment when the following conditions are met: (1) the defendant has fully exhausted all administrative remedies; (2) "extraordinary and compelling reasons warrant" a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[;]" and (4) the reduction is warranted after considering the applicable factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied.  *United States v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022).

### A.      Administrative Exhaustion

Section 3582(c)(1)(A) requires a defendant to fully exhaust all available administrative remedies before they may seek relief before a court.  The administrative exhaustion requirement is met when:

"(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate."

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).

The exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *Id.* at 1282. However, when the administrative exhaustion requirement is properly raised by the government, a court must enforce the requirement. *Id.*

**B.      Extraordinary and Compelling Reasons**

The Federal Sentencing Guidelines (the "Guidelines") provide criteria for determining whether extraordinary and compelling reasons exist justifying compassionate release. In determining whether compassionate release is warranted, this Court must consider the following criteria:

"Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.--

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is--

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances--

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

2

outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant

(A) is at least 65 years old;

(B) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an

extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

The Ninth Circuit previously held that "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" and as a result, "[t]he Sentencing Commission's statements in [former] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). As a result, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). U.S.S.G. § 1B1.13 was amended on November 1, 2023 and now reflects that a defendant may file a motion for compassionate release. However, the Ninth Circuit has continued to cite *Aruda* favorably. *See United States v. Holmes*, No. 23-420, 2023 WL 8108461 (9th Cir. Nov. 22, 2023) ("[T]he court properly treated § 1B1.13 as 'persuasive authority.'") (quoting *Aruda*, 993 F.3d at 802, for the proposition that "although § 1B1.13 is not binding, it 'may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant.'").

The Guidelines permit a court to consider changes in the law, including amendments to the Guidelines, in determining the extent of a sentence reduction, but a change in the law alone "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The Ninth Circuit has held that changes in post-sentencing decisional law, including non-retroactive changes, may be considered when assessing whether extraordinary and compelling circumstances exist. *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023); *see also Concepcion v. United States*, 597 U.S. 481, 484 (2022) ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Courts in the Ninth Circuit may also consider non-retroactive changes in sentencing law when assessing whether extraordinary and compelling circumstances exist. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) ("We

now . . . conclude that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons[.]").

Rehabilitation, by itself, is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances.  U.S.S.G. § 1B1.13(d).

In addition to outlining extraordinary and compelling reasons to reduce a sentence, the Guidelines require a court to determine that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the sentence reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(a).

**C.**      **18 U.S.C. § 3553(a) Factors**

When deciding a motion for compassionate release, a court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'"  *Wright*, 46 F.4th at 945 (internal citation and quotation marks removed).  The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

*Wright*, 46 F.4th 938 at 945 n.4 (citing 18 U.S.C. § 3553(a)).

## BACKGROUND

On November 1, 2019, defendant was sentenced to eighty-four months imprisonment followed by three years of supervised release.  J. & Commitment, ECF [29], at 2-3.  Presently, defendant is incarcerated at FCI Sheridan with a projected release date of September 27, 2025.

On October 10, 2023, defendant filed this motion to reduce his sentence, asking the Court to grant either his immediate release with time served or any other sentence reduction the Court deems

appropriate.  Def.'s Mot. for Sent. Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Def.'s Mot."), ECF [31], at 2.

## DISCUSSION

### A.    Administrative Exhaustion

The government has not contested administrative exhaustion.  Govt.'s Resp. to Mot. to Reduce Sent. ("Govt.'s Resp."), ECF [9], at 3. While, as explained below, defendant is unable to establish both the second and third prongs, defendant's motion would nonetheless fail.  Defendant's motion states that he has "submitted a cop-out request to the Warden of FCI Sheridan on [August 7, 2023]."  Def.'s Mot. 1.  However, it is not enough for defendant to merely state that he met his exhaustion requirements; rather, defendant must provide evidence supporting his statement.

### B.    Extraordinary and Compelling Reasons

Defendant alleges that "[T]he conditions of [defendant's] confinement during the covid-19 pandemic have resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced [defendant]."  Def.'s Mot. 1.  However, defendant fails to present evidence that the conditions of his confinement impact him individually, as opposed to the federal prison population at large. "General conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, 'are not sufficient to reduce [the] defendant's sentence.'"  *United States v. Willis*, No. 3:12-CR-00292-HZ, 2023 WL 2625530, at *5 (D. Or. Mar. 22, 2023) (quoting *United States v. Martinez*, No. 15-CR-1299-2-GPC, 2022 WL 126306, at *4 (S.D. Cal. Jan. 13, 2022)).

Without evidence of circumstances individual to defendant related to COVID-19, defendant cannot demonstrate extraordinary and compelling circumstances with evidence of general conditions related to COVID-19 alone.  The Court may, however, consider those conditions in combination with other circumstances, as "the generally harsh conditions" under which a defendant serves "contribute[] to the analysis of extraordinary and compelling circumstances."  *Willis,* 2023 WL 2625530, at *5 (citation omitted).

Defendant cites the poor health of his mother as an extraordinary and compelling circumstance. Def.'s Mot. 8. While the Guidelines recognize "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," U.S.S.G. 1B1.13(b)(3)(C), as an extraordinary circumstance, after the filing of defendant's motion, defendant's mother passed away. Def.'s Supp. Mem., ECF [35]. Even without the unfortunate passing of defendant's mother, defendant's motion states that his mother was released from the hospital to reside with his sister, who is their mother's primary caregiver. Def.'s Mot. 8. Therefore, defendant's fails to meet the criteria set forth by the statute as he was not his mother's only available caregiver.

Finally, defendant provides evidence of his rehabilitative efforts[1]. Further, defendant highlights that, since 2018, he has not had any prison infractions and has worked the same job, allowing him to "pay off the $100 assessment on his current case, as well [as], allow[ing] [him] to pay $1,776 on [his] old case." Def.'s Mot. 7. While defendant's participation in programming and work towards repayment of his restitution obligations is commendable, under the statute, rehabilitation alone is not an extraordinary and compelling reason warranting sentence reduction. U.S.S.G. 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement[]"). The Court may consider rehabilitation alongside other reasons; however, rehabilitation is only relevant if other factors are extraordinary and compelling. Defendant has not described any independent extraordinary and compelling reasons to reduce his sentence under the statute and, as a result, the Court does not consider rehabilitation in its analysis.

Accordingly, the Court finds that defendant has failed to demonstrate extraordinary and compelling reasons warranting compassionate release and/or sentence reduction.

**C.    18 U.S.C. § 3553(a) Factors**

---

[1] Defendant has provided evidence of his educational achievements, certificate of achievement for the Non-Residential Drug Abuse Program at FCI Sheridan, certificate of completion of the Drug Abuse Education Course, certificate of completion of the National Parenting Program, and certificate of completion of the InsideOut Dad Program. Def.'s Mot. 11-20.

In exercising discretion under the statute, a sentencing court is required to consider the sentencing factors set out in 18 U.S.C. § 3553(a).  Thus, an eligible defendant may be denied based on, *inter alia*, his criminal history and the seriousness of his crime(s).  The nature and circumstances of defendant's underlying crime are undeniably serious: he was convicted of felony possession of a firearm, 18 U.S.C. § 922(g)(1), that involved drug possession and distribution.  J. & Commitment 2-3.  Further, defendant has a significant criminal history[2] and a history of violations while on supervised release[3].  Govt.'s Resp. 8-9.  Given the seriousness of the underlying offense and defendant's lengthy criminal history, the Court finds that the relevant § 3553(a) factors weigh against granting compassionate release.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Reduce Sentence, ECF [31], is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of December, 2023.

Adrienne Nelson
United States District Judge

---

[2] Defendant has prior convictions for Unauthorized Use of a Motor Vehicle; Failure to Appear; Attempt to Elude; Theft; Supplying Contraband; Possession of Methamphetamine; Driving Under the Influence; Forgery; Driving on a Suspended License; Unauthorized Departure from Community Corrections Center; Identity Theft; Bank Fraud; Robbery; and Reckless Endangerment, spanning from 1997 to 2018.  Govt.'s Resp. 8-9.

[3] Defendant has had several instances of revocation of probation or supervised release.  Namely, defendant had his supervised release revoked in of 1998, May of 1999, May of 2000, July of 2001, and March of 2006.  Govt.'s Resp. 9.